**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANETTA LYNN LEIVA,

          Petitioner - Appellant,

   v.

MATTHEW CATE,

          Respondent - Appellee.

No. 08-15008

D.C. No. CV-04-06669-WMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William M. Wunderlich, Magistrate Judge, Presiding

Submitted December 8, 2009[**]
San Francisco, California

Before: TASHIMA, GRABER and BYBEE, Circuit Judges.

Petitioner-Appellant Janetta Lynn Leiva appeals the district court's denial of

her petition for writ of habeas corpus. Leiva argues that her Fifth Amendment

right against self-incrimination was violated when her statements, made during a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

pre-trial competency examination and without *Miranda* warnings, were admitted into evidence at the insanity phase of her murder trial. We affirm.

Because Leiva's habeas petition was adjudicated on the merits in state court, we may grant the petition only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 326 (1997). The relevant state court decision here is that of the California Court of Appeal, *see Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991), which held that the admission of Leiva's statements did not violate her Fifth Amendment rights. Leiva argues that this decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court in *Estelle v. Smith*, 451 U.S. 454 (1981).

In *Estelle*, the Supreme Court held that "[a] criminal defendant, who neither initiates a psychiatric evaluation *nor attempts to introduce any psychiatric evidence*, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding." *Id.* at 468 (emphasis added). *Estelle* does not control Leiva's case because Leiva presented an insanity defense and introduced psychiatric testimony in support of that defense. The *Estelle* Court expressly stated that its holding would be different if the defendant

2

had asserted an insanity defense and the government introduced a psychiatric examination to rebut the defendant's psychiatric evidence. *See id.* at 465. In a later case, the Supreme Court confirmed that if a defendant "presents psychiatric evidence, then, at the very least, the prosecution may rebut this presentation with evidence from the reports of the [psychiatric] examination that the defendant requested" without violating the Fifth Amendment. *Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987). Thus, the California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

**AFFIRMED.**